## No. 14,011.

### OTHON RICHARD VS. ERASTE MOUTON, ET AL.

#### SYLLABUS.

1. In a suit for settlement of partnership affairs, the prayer of the petition should be for judgment in favor of plaintiff for whatever sum the settlement might disclose as existing in his favor, and not for a judgment for a specific sum.

2. But where judgment for a specific sum is asked for, the suit will not be dismissed outright, if, viewing the petition as a whole, it is made out to be a demand for a partnership settlement and it is found that the prayer for the specific sum may be eliminated, leaving the legitimate matter—the suit for settlement—intact.

3. In the settlement of partnership affairs, where material correction, amendments, or reductions are made in the account submitted, the latter should be recast in accordance with the view of the trial judge, to the end of facilitating the understanding of the case in the appellate court. There should, at least, be a showing made of how the figures and totals and conclusions embodied in the decree were arrived at, and where this is not done, and the same is not supplied by the briefs of counsel, and not easily ascertainable from the evidence, the case will be remanded.

APPEAL from the Seventeenth Judicial District, Parish of Vermillion—*Gordy, J.*

Lewis L. Bourges and W. B. White, for Plaintiff, Appellant.

Ewards & Greene, for Eraste Mouton, Defendant and Appellant.

The opinion of the court was delivered by

BLANCHARD, J. Plaintiff brought this suit for the purpose of securing a settlement of a partnership in the business of buying and selling cattle which had subsisted between himself and the defendants, Mouton and Trahan. Instead of asking a judgment in his favor for whatever sum the settlement of the partnership affairs might disclose as existing in his favor, he made the mistake of praying judgment against one of the parties for a specific sum.

He made the further mistake of connecting with the suit for settlement of the partnership, a demand for judgment against one of the partners, in his individual capacity, for sums alleged to be due him (the plaintiff) on account of outside business transactions having no relation whatever to the partnership.

He was met by a peremptory exception that one partner may not claim a specific sum from his copartner, but is limited to suing gener-ally for a settlement of partnership accounts and affairs.

His suit was saved from dismissal outright by the fact that, viewing his petition as a whole, it is made out to be a demand for a partner-ship settlement, and the prayer for judgment for the specific sum named could well be eliminated and leave the legitimate matter—the suit for setlement—intact.

Such was the ruling of the trial Judge. He sustained the excep-tion to the extent of dismissing the suit in so far as it claimed for plaintiff a specific sum resulting from the partnership, and overruling it in so far as it sought the dismissal of the entire petition. He per-mitted the case to stand as a suit, pure and simple, for a partnership settlement.

We approve this ruling.

As to the outside demands against one of the partners, plaintiff was permitted, by formal motion, to discontinue that part of his suit. We are not prepared to say this was error.

We take the case, therefore, as the lower Judge considered it—one for settlement of partnership affairs.

Defendant Mouton, who was the managing partner and financial agent of the firm, and who kept the books, was required to file an account and statement of the receipts and expenditures had and made by him for and on account of the partnership. This he did.

This account showed a net profit to the partnership of $635.90. The trial court decreed that the account be amended by increasing the net profits and the amount to be divided among the partners "by the sum of $695.52."

Plaintiff appeals, and in this Court defendant, Mouton, prays amend-ment so as to make the judgment one of approval, merely, of his account, and ordering settlement between the partners on its basis.

*Ruling*—The record does not favor the Court with any statement of the trial Judge giving the process, figures and calculations by which he arrived at the increase of $695.52 entered up in his judg-ment.

Neither is there explanation of any kind whatever of this in the briefs filed on either side.

We interpret the judgment to mean that the amount of the net profits of the partnership disclosed by the account, $635.90, is in-

creased by the addition of the sum of $695.52, and that the aggregate of these two sums, to-wit:—$1,331.42, is decreed to be the amount which defendant Mouton is to divide between the partners—the plaintiff, Richard, himself and his co-defendant, Trahan.

Without explanation from the Judge or from counsel, the evidence found in the record does not, of itself, enable us to understand this judgment, the correctness or incorrectness of which we are called upon to pass.

In the settlement of partnership affairs, where material corrections, amendments, or reductions are made in the account submitted, the latter should be recast in accordance with the view of the trial Judge, to the end of facilitating the understanding of the case in the Appellate Court.

There should, at least, be a statement made showing items added, if any be added; showing items rejected, if any be rejected; showing items reduced and to what extent reduced, if any be reduced. There should be a showing made of how the figures and totals and conclusions embodied in the decree were arrived at.

Where this is not done, as in this instance, and an easy understanding of the case as it comes here is not supplied by the evidence, the cause will be remanded.

If the trial Judge cannot conveniently recast the account himself, it is his privilege to refer the same, with his views, to an accountant for recasting.

It is ordered that the judgment appealed from be reversed and that this case be remanded to the Court *a qua* for further proceedings according to the views herein set forth, costs of this appeal to abide the final determination of the suit.