(105 So. 258)

No. 27153.

GRAHAM PAPER CO. v. LEWIS.

In re LEWIS.

(June 22, 1925. Rehearing Denied July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. Partnership ⚖20, 165 — Firm publishing newspaper and doing job printing held ordinary partnership, making partner liable only for proportionate amount of firm debt.

Under Civ. Code, arts. 2801, 2825, 2826, relating to partnerships, firm composed of three members, publishing newspaper, one of whom received specified salary for editing paper and managing business, and net profits of which were divided equally among them, was ordinary partnership, and member thereof was not liable in solido for debts of firm, but only liable for his proportionate share, under articles 2872, 2873, regardless of fact that firm conducted job printing business as side line.

2. Partnership ⚖17—Intention of parties that their agreement should not be called partnership held not controlling as to liability of partners.

Where two or more persons make agreement which is partnership, as defined by Civ. Code, art. 2801, liability of partners for partnership debts is determined by law relating thereto, even though they may not have thought of, or intended such consequence.

3. Appeal and error ⚖1151(2) — Judgment holding partner of ordinary partnership liable in solido amended, by reducing amount in proportion to share of partner in firm's debts.

Where firm, publishing newspaper and running job printing business as side line, was ordinary partnership, within Civ. Code, arts. 2801, 2826, making each partner liable for only his share of partnership debts, under articles 2872, 2873, judgment of Court of Appeal, holding member of firm liable in solido for firm's debt, will be amended by reducing amount thereof to proportionate share of such partner in firm's debts.

Action by the Graham Paper Company against S. M. Lewis. To review a judgment for plaintiff in the Court of Appeal of the Parish of Lincoln, defendant applies for writs of certiorari and review. Amended and affirmed.

J. B. Holstead, of Ruston, for applicant.
E. L. Walker, of Ruston, opposed.

O'NIELL, C. J. The question is whether the publishing of a newspaper and incidentally doing job printing is of the character of business that makes the coproprietors commercial partners, liable in solido for the debts of the concern.

The suit was brought against only one member of the firm, which had been dissolved. The debt is for materials bought in the name of the newspaper, and used in the

business, by another member of the firm, who was editor of the paper and manager of the business. It was alleged in the plaintiff's petition that the proprietors of the paper were commercial partners and were therefore liable in solido for the firm's debts. The Court of Appeal so held, and the case is before us for review.

[1] Our opinion is that the firm was an ordinary partnership, not a commercial partnership. Article 2825 of the Civil Code defines a commercial partnership as one that is engaged in buying personal property and selling it either in the same condition or in a manufactured state, or one that is engaged in carrying personal property for hire in ships or other vessels. And article 2826 declares that all other partnerships are ordinary partnerships, in which, according to articles 2872 and 2873, each partner is bound only for his share of the partnership debts.

Publishers of newspapers are not generally regarded as retailers of paper and ink. Their business consists in conveying news and other information. That is what they charge for. The paper and ink are the means of conveyance, not the articles of commerce or stock in trade. To say that a newspaper publisher's business is the buying and selling of paper and ink is about as accurate and uncomplimentary as to say that an artist's (a portrait painter's) occupation, for example, is buying and selling canvas and paint.

The job printing business, which was only a side line or an incident of the business in which this firm was engaged, consisted in the printing of letterheads, billheads, handbills, and the like, which is a trade, not a business of buying and selling paper and ink.

The ruling of this court, in State v. Dupre & Hearsay, 42 La. Ann. 561, 7 So. 727, that a newspaper publisher was exempt from the payment of a license tax, under the provision in the Constitution exempting manufacturers, was founded mainly upon a consideration of the motive and spirit of the law, and upon a statement of facts upon which the case was submitted. We do not regard the decision as controlling in the case before us.

[2] The defendant contends that his business association was not even an ordinary partnership. It was composed of three members, each having a third interest in the outfit. The contract among them was that one was to receive a salary of $250 a month for editing the paper and managing the business, and that the net profits should be divided equally among them. They made no profit, but that is not important here. Such an agreement is characterized as a contract of partnership by the Civil Code. Article 2801 defines "partnership" as a synallagmatic and commutative contract for a mutual participation in the profits which may accrue from property, credit, skill or industry furnished in determined proportions by the parties. It is a matter of no importance that the parties did not intend that their agreement should be called a partnership. When two or more persons make an agreement which the law defines as a partnership, it is a partnership, and the liability of the partners for the partnership debts is determined by the law relating to partnership, even though the parties may not have thought of such consequence. Cameron v. Orleans & Jefferson Railway Co., 108 La. 83, 32 So. 208; Amacker v. Kent, 144 La. 545, 80 So. 717.

[3] The judgment of the Court of Appeal is amended by reducing the amount to a third thereof—that is, to $265.46—and as amended it is affirmed. The plaintiff is to pay the costs of the proceedings in this court; the relator, defendant, is to pay all other court costs.