(113 So. 846)

No. 27273.

## LUDEAU v. AVOYELLES COTTON CO., Inc.

July 11, 1927.

*(Syllabus by Editorial Staff.)*

Joint adventures &⟹4(1)—Joint adventurer in cotton held not entitled to recover profits which would have resulted had associate's sale of particular cotton been delayed.

Where plaintiff and defendant entered into joint adventure by which plaintiff was to buy and defendant was to sell cotton for their joint account, profits and losses to be shared equally, and where defendant in good faith pursuant to discretion vested in it sold 900 bales of cotton, which the parties were "long" on the market, for an amount less than could have been obtained at a later date, *held* plaintiff was not entitled to recover his share of additional profit which would have been made had the sale been delayed, particularly in view of defendant's right to sell under the contract and in view of provision of contract that joint account of parties should remain neither long nor short without consent of both parties.

Appeal from Twelfth Judicial District Court, Parish of Avoyelles; L. P. Gremillion, Judge.

Action by Emile Ludeau against the Avoyelles Cotton Company, Inc. Judgment for defendant, and plaintiff appeals. Affirmed.

J. W. Joffrion and Porterie & Bordelon, all of Marksville, for appellant.

W. E. Couvillon, of Marksville, for appellee.

ST. PAUL, J. Plaintiff and defendant entered into a joint adventure during the cotton season of 1923–1924, by which plaintiff was to buy and defendant was to sell cotton for joint account, the profits and losses to be shared equally.

At the close of the season their joint adventure showed a net profit of $27,482.65 (Tr. 29), of which each received half, or $13,741.33.

### I.

Plaintiff avers that the net profits should have been $3,630 additional; one-half of which, or $1,815, he now claims from defendant.

His complaint is that defendant sold a certain lot of 900 bales of cotton on April 23d and May 10th *without consulting him*, and that if said cotton had been held until May 16th, at which time he would have been willing to sell, it would have brought $3,630 additional as aforesaid.

### II.

As we read the contract, the *buying* of the cotton was a matter peculiarly within the province of plaintiff's powers, and the *financing and selling* thereof a matter peculiarly within the province of defendant's powers. It is true the parties sometimes consulted together before either buying or selling; but this was not obligatory upon them, the remedy provided by the contract, in case either party should be dissatisfied with the acts of the other party, being that "either party may terminate this agreement at any time. by notifying the other party."

### III.

The relations between themselves of parties to a joint adventure must necessarily be. assimilated to the relations of partners inter sese. Article R. C. C. 2862, provides that:

"No partner shall be held liable for any loss which has happened in consequence of anything bona fide done or omitted by him in the legal exercise of his power, either as administrator or

partner, although such act or omission should be injudicious and injurious to the partnership."

In the case at bar it is shown, and not even questioned, that defendant acted in good faith at the time it sold the cotton and in the genuine belief that it was then acting for the best interests of all.

It is further shown that plaintiff made no complaint when he first heard of the sale of this cotton, nor indeed for some months afterwards. And the conclusion of the trial judge was, and so is ours, that the present suit is purely and simply an afterthought.

### IV.

We may add that the contract between the parties contemplated principally a dealing in "spot" cotton, i. e. actual cotton, and not cotton "futures." But it did provide incidentally for trading in such futures, and the 900 bales herein involved were "futures"; that is to say, the parties had bought 900 bales of futures and were therefore "long" 900 bales on the market.

Now, the contract between the parties provided, in this respect, that "the joint account shall remain neither long nor short of cotton without the consent of both parties." And the defendant was clearly unwilling to continue "long" for these 900 bales. So that the only solution to that situation was to *sell* the same number of bales, which is precisely what defendant did, thereby making the joint account "neither long nor short," as called for by the contract.

In other words, the contract between the parties contemplated that either party should have the right to put a stop to any *speculation* at any time. These 900 bales were a speculation, and the defendant had the right to put a stop to it whenever it saw fit.

### Decree.

The judgment appealed from is therefore affirmed.