The lower Court in a written opinion has correctly set forth the issues involved in this case, detailed the facts and applied the law which is applicable. It is as follows:
"Plaintiff, alleging that it is the owner of 1500 feet of 5/8-inch sucker rods, one Humphrey pumping unit, one International motor, and one Waukesha engine and accessories, and that the defendant had seized and was advertising said property for sale under executory process against one Sol Kimbrell, under a purported chattel mortgage, brought this suit to enjoin the sale thereof.
"A rule nisi was issued returnable on December 17, 1941, at which time the defendant filed an exception of no cause or right of action and also an answer to the merits. The exception was argued, submitted and overruled whereupon counsel for defendant inquired if the action of the Court was not tantamount to granting *Page 385 
a preliminary injunction, whereupon the Court stated that unless some defense to the rule nisi was presented, the plaintiff was entitled to a temporary injunction pending a trial on the merits. Counsel for the plaintiff stated that he was prepared to offer testimony on the merits of the case, as the evidence was to be very short. Defendant stated that he preferred to try the case on the merits and dispose of the matter; whereupon the parties by agreement presented evidence on the merits of the case. By so doing plaintiff waived its right to a trial of the rule nisi and a temporary injunction, if one should have been granted, together with such advantages as might have accrued therefrom.
"The facts alleged and proved are that in March and June, 1940, the W. W. Company, Inc., and Sol Kimbrell acquired an oil and gas lease the first from E.O. Mitchell and the second from Ward Guy and Robert Gipson. These leases were made jointly to the W. W. Oil Company, Inc., and Sol Kimbrell and each carried a drilling clause reading in part as follows:
"`The consideration of this lease is the obligation on the part of the lessees herein to begin operations * * * and drill a well to the depth of 1700 feet.'
"On March 19, 1940, the W. W. Oil Company, Inc., and Sol Kimbrell entered into a written agreement with respect to the drilling of the well on the land described in the lease from E.O. Mitchell (which is dated March 19, 1940), wherein mention was made that the parties had acquired said lease with the obligation to drill a well in search of gas or oil to a depth of 1700 feet, therefore, the parties agreed as follows:
"The W. W. Oil Company, Inc., furnished the drilling equipment, labor, fuel, derrick, water and slush pits for the drilling of said well; and Sol Kimbrell agreed to furnish all casing, tubing, rods, storage tanks and equipment necessary to drill and complete said well as a producer. The agreement provided that neither party should be liable for the debts of the other party but each party was to bear the cost of the labor, material and equipment that each was to furnish, independently of the other. The agreement provided that this was a joint adventure and in no sense a co-partnership. The agreement then provided:
"`That after said well is completed as a producer of oil or gas, or otherwise, then in that event, both parties hereto become co-owners and shall bear proportionately in the expenses that might be incurred in the operations, and any salvage shall belong jointly to both parties hereto.'
"The foregoing contract was never recorded and defendant had no knowledge of the existence of same.
"Sol Kimbrell purchased from the American Supply Company on May 31, 1940, the 1500 feet of sucker rods, the pumping unit and International motor, and executed a chattel mortgage thereon for the purchase price of $800.00; and on July 1, 1940, purchased the Waukesha engine and executed a chattel mortgage thereon for the purchase price of $400.00. These purchases were made in Texas and the note was payable in Texas. The chattel mortgages, however, stated that the respective purchases were made and the property purchased was to be used in an oil well located on the respective leases hereinabove referred to, situated in Caddo Parish. The first mortgage was recorded here on June 15, 1940, and the second mortgage recorded here July 15, 1940. However, the property was installed on the leases and in the wells within two or three days after purchased and before the chattel mortgages were recorded in Caddo Parish, Louisiana. The property described is useful and necessary in the operation of the producing wells.
"The agreement between the W. W. Oil Company, Inc., and Sol Kimbrell evidenced a joint venture for the drilling of an oil well, and, we assume that the second well was drilled under like conditions as the first well. The agreement being for a joint venture is in legal parlance an `ordinary partnership' and governed by the laws applicable to ordinary partnerships.
"C.C. [arts.] 2872 to 2875; J.T. Gibbons, Inc., v. S. B. Stable [La.App.], 144 So. 641; and Young v. Reed [La.App.], 192 So. 780, 782.
"The partnership herein was composed of the W. W. Oil Company and Sol Kimbrell, and neither party individually became the owner of any property purchased for the partnership. The W. W. Oil Company, Inc., did not become the owner (individually) of any property purchased by Sol Kimbrell any more *Page 386 
than Sol Kimbrell became the owner (individually) of the property and effects brought into the partnership by the W. W. Oil Company. Each partner became liable for one-half of the debts for property purchased for the partnership provided the one purchasing had authority to purchase property for the partnership, but if the partner purchasing the property did not have the authority from the other to purchase property on behalf of the partnership, then the other partner is not bound for his proportion of the partnership debt unless `it be proved that the partnership was benefited by the transaction.' (C.C. [art.] 2874). Sol Kimbrell was not authorized to contract any indebtedness on the part of the partnership, as disclosed by the contract between the parties, but according to the evidence the property purchased by him was necessary and useful in the operation of the wells and therefore the partnership has benefitted by reason of the purchase. The partnership is the owner of the property here in contest and not the W. W. Oil Company, Inc. (individually). Had the partnership brought this suit for an injunction, it could not have maintained the action and much less can the W. W. Oil Company in its individual capacity maintain the action. Sol Kimbrell on his own behalf could not maintain the action on the grounds alleged herein. We find no reason to complain over the fact that the chattel mortgages were not recorded for a period of fifteen days. Sol Kimbrell cannot complain. In fact a chattel mortgage does not have to be recorded to be effective. It is only required that chattel mortgages be recorded to affect third persons who may deal in or with said property. The W. W. Oil Company has not purchased the property and, therefore, individually, has no ground of complaint against the American Supply Company for foreclosing its chattel mortgage on the property sold to Sol Kimbrell.
"For the reasons assigned, the demands of the W. W. Oil Company, Inc., are dismissed at its costs."
We have carefully studied the case and the above opinion, together with the law applicable thereto. We are convinced the lower court has correctly determined all issues. The only effect of our rewriting the opinion would be to substitute our peculiar expressions for those of the lower court. It could not change the final determination of the case.
The only error in the opinion is in the statement of the case wherein the court said:
"Plaintiff alleged it is the owner of 1500 feet of 5/8-inch sucker rod," etc., when it should have said it was claiming the ownership of an undivided one-half interest in said materials. This statement can make no difference in the final determination of the case.
We therefore conclude to adopt the opinion of the lower court and make it ours. It is therefore affirmed with costs.
TALIAFERRO and HAMITER, JJ., concur.