LE BLANC, Justice.
During the month of April 1943 Mato <(or Moto) Taliancich and Eldridge N. .(Buck) Perez formed a partnership for the purpose of buying and selling shrimp and other seafoods. There was no written agreement 'between them and it seems to be understood that they were to share in the profits and losses of the business on an equal basis. In June 1948 the partners no longer seemed to agree and by mutual consent they discontinued the business they were engaged in. In November of the same year Taliancich instituted the present proceeding by which he seeks the liquidation and dissolution of the partnership1, .averring in his petition that they have been unable to reach an amicable agreement as to the proper settlement of its assets and .debts and he therefore desires a judicial liquidation. He further alleges that his former partner, Perez, has in his possession the records of the partnership through the years 1943 to 1946 and as he fears that they will be destroyed pending the liquidation he desires to have a liquidator appointed to ascertain the assets of the partnership1, under the supervision of the court.
In his petition he prays for citation upon Perez and that after hearing the court order a liquidation and dissolution of their partnership and that an order issue to his said former partner to show cause why a liquidator should not be appointed; that in due course one be so appointed and that an inventory and appraisement be taken of the property and the assets of the partnership. tie also prays that a complete settlement of the assets 'be made and that Perez be ordered to a full accounting of the said partnership.
Perez made no answer to the rule served upon him and in due time the court appointed David Herman, an attorney-at-law, as judicial liquidator of the said partnership known as Taliancich & Perez Company.
A few months after his appointment the liquidator presented a petition to the court, in which he 'alleged that many volumes of records had been turned over to him bearing on the affairs of the partnership and that no audit of those records had been made by a certified public accountant; that he believed that such an audit would reveal the correct liability of the creditors of the *284 partnership as well as the liability of the individual partners with regard to the partnership itself and that it would 'be to the best interest of the partnership that the court appoint a certified public accountant to make the necessary audit. He prayed accordingly and thereupon the court appointed Frank V. Russell, a certified public accountant, to make an audit of the records of the partnership in order that a true statement may be obtained as to the debts due by it to others and a correct statement of what is due by others to the partnership estate.
On January 10, 1950 the liquidator again presented a petition to the court in which he alleged that pursuant to' the orders previously entered he had an audit made and he annexes and makes part of his said petition, as fully as if copied therein, an audit of the books, and records of the partnership, which report is dated May 5, 1949 and duly signed by Frank V. Russell, C. P. A. He prays that 'both Taliancich and Perez be cited to show cause why the said audit should not be received and filed. On the same day the court issued an order directing the partners to show cause as prayed for by the liquidator. Both defendants in rule accepted service and •waived citation and on the' same day, apparently, the district judge ordered that the report and audit be received and filed in the record without prejudice to the rights of all parties to file future proceedings for an accounting or monied judgment as they may deem proper.
Before either of them took any action, however, the liquidator filed another petition in court in which he set forth that in accordance with the report made by the certified public accountant, and particularly exhibit “C” thereto, there is a shortage of cash resulting from funds unaccounted for totaling the sum of $18,188.06 and in accordance with exhibit “C-2”, there is a shortage of 96,796 pounds of shrimp for which the partnership has paid and for no part of which the said partners have accounted to the partnership. He then alleges that on the basis of the information that has been furnished to 'him, since both of the partners handled the cash of the partnership and since they both handled the buying and the selling of the shrimp purchased and sold, both of them are liable individually and in solido’ to the partnership, for the sum of $18,188.06 plus 96,796 pounds of missing shrimp', the estimated value of which is fifty cents per pound. He prays that both parties be cited and that after proceedings there be a judgment in favor of Taliancich and Perez Company in liquidation, and against each of the said parties jointly, severally and in solido, in the sum of $18,188.06 plus 96,796 pounds of shrimp or the value of said shrimp at 50‡ per pound.-
In answer to this last petition of the liquidator, Taliancich denied that article in which it was alleged that both of the partners handled the cash of the partnership and that both of them handled the buying and the selling of the shrimp, and with re *286 spect thereto, he further answered that at no time since the inception of the said partnership has he handled any of its funds or cash; that his principal participation in the operation was to secure fishermen and make arrangements for the purchase of their catch and then arranging for the transportation of same to the stall that was held by the partnership in the French Market in New Orleans. Further answering he alleged that the handling of all cash and funds, the receipts and disbursements of said funds has always, been the duty of Perez, the other partner, who in addition thereto took care of all banking matters and made arrangements for the proper keeping of books and audits and therefore was responsible for all data and memoranda issued to the bookkeepers or auditors who had been employed for that purpose. He prayed that there be judgment in favor of the partnership in liquidation and against the said Eldridge N. Perez for the full amount of cash found to be short by the certified public accountant plus the pounds of shrimp also found short and that he, Taliancich, be relieved of any and all liability in the premises. Perez, in his answer, to the liquidator’s petition, denied the allegations thereto with respect to’ ’exhibit “C” and exhibit “C-2” and also denied the averments of that paragraph of the petition which charged him-with liability, individually or in any .other way, for the value of the shrimp alleged to have been found short. He prayed that the said petition of the liquidator,' in so far as it rtelates to him, be dismissed.
Perez also answered that part of the answer of Taliancich to the liquidator’s petition in which it was averred that Taliancich’s participation in the operation of the partnership was limited to securing fishermen and making arrangements for their catches, and for transportation thereof to the French Market and also' that the handling of all of the funds, their receipts and disbursements were his, Perez’s duty. In elaborating on this averment he denied that he made arrangements for the proper keeping of the books and audits of the partnership, averring that such arrangements were made by both of them and that they were both equally responsible therefor. He particularly denied that he was responsible for all data and memoranda issued to the bookkeepers or auditors employed by the partnership averring that the said bookkeepers or auditors were the employees of the'partnership, having been employed by mutual agreement -and understanding of the partners. He prayed that the demands of Taliancich as contained in his said answer be denied and dismissed and that the said Taliancich be 'held to respond to his full liability and responsibility as an equal partner in the affairs of the partnership.
On all these various issues as presented to him, the trial judge 'heard testimony in the case and in proper time rendered a judgment in which he dismissed the peti *288 tion of the judicial liquidator. He also dismissed the demand made by Taliancich against Perez as contained in the former’s answer to the liquidator’s petition and also dismissed the demand of Perez against Taliancich contained in his' answer to the said petition. From the judgment as rendered, Taliancich took and perfected this appeal.
This proceeding impresses us as being one which should be governed by the Articles of the Code of Practice beginning with Article 441 which relate to “Experts, Auditors of Accounts and Judicial Arbitrators.” The procedure outlined in the various articles seems to have been followed up to the appointment of the expert accountant and the report filed by him in court. Also the answers filed to the liquidator’s petition in which the report of the accountant was presented may be said to have amounted to oppositions filed thereto. The Code of Practice, Article 456, provides for the manner in which the report should be homolo- • gated and it may well be that that was what was intended when the liquidator petitioned the court to receive his report and then had the two partners cited to answer the petition in which he sought to obtain at least to that extent, judgment against them both in favor of the partnership. It appears from the record however that no proof was tendered concerning the report of the accountant and certainly none is shown other than the expert’s own testimony to -the effect that the data and material from which he sought to make a report was too incomplete for him to reach any definite conclusions. He does point out the difference, as he calls it, rather than a shortage as alleged in the liquidator’s petition, in the amount of cash and the number of pounds of shrimp. It may be pertinent to observe at this time that with regard to the difference in the quantity of shrimp there seems to be some question as to the value of 50‡ per pound as stated in the petition of the liquidator.
We think that the procedure outlined in the Articles of the Code of Practice contemplates an homologation of the account before it can be received in evidence. “The proceedings for the homologation of the report of auditors constitute a trial of its accuracy and sufficiency to be admitted in evidence. On such trial the court may rectify its errors, or order a new report. C.P. 458. This should be done invariably in case the account stated by the auditors between the parties is not sufficiently clear, full, and succinct to enable the judge to intelligently and impartially determine their respective rights and interests. Each of the parties has a perfect right to be heard pro and con on this question, before it is admitted in the record as evidence. ‘A report of auditors not homologated should not go to the jury.’ Reynolds v. Rowley, 2 La.Ann. [890], 892.” McNair v. Gourrier, 40 La.Ann. 353, 359, 4 So. 310, 313.
This proceeding presently seems to have resolved itself into a contest between *290 the two partners and we seriously doubt that the judgment of the court below, which not only did not pretend to homologate the report 'but specifically dismissed the petition of the liquidator in which it was presented with the object of having it homologated to some extent, was final and appealable. The jurisprudence is to the effect that partners have no cause of action for a specific sum, against each other, resulting from the partnership transactions, until the partnership debts have been paid or there 'has been a settlement of the partnership. For an illuminating discussion in which the jurisprudence of this point is fully reviewed see Jeffries v. Moore, 219 La. 692, 53 So.2d 898.
Inasmuch, however, as the trial judge, throughout the trial, seems to have accepted the report of the auditor as prima facie proof of its correctness and held the partners to the burden of showing the errors it contained, and then entertained some proof regarding the demand made by one of the partners that the differences in cash and in the amount of shrimp ought to be charged to the other who had kept the books and handled the cash, and dismissed that partner’s demand, and in as much also as we have decided to remand the -case, we may as well entertain the appeal, such as it is presented to us at this time.
The trial judge concluded that neither of the parties, together or singly ever went over the books nor did they employ an auditor or a certified public accountant to periodically audit them and under the circumstances, he stated that the court would never be -able to properly determine whether either partner was indebted to the partnership in any amount. As he found them both guilty of laches and negligence in their conduct and in the administration of the affairs of the partnership, neither should be held liable to the other.
Appellant urges several grounds of error among which are the following: (1) The trial judge erred in refusing to accept the report of the auditor who had been appointed by him or to correct the same; (2) in refusing to accept the uncontroverted fact that E. N. Perez, one of the partners, had complete charge of all records and funds of the partnership and 'had failed to account for the same, thus making him liable; (3) in failing to allow -appellant to properly try his case and dismissing his ^suit; (4) in permitting an unhomologated auditor’s report to- 'be received in evidence, contrary to the provisions of the articles of the Code of Practice and in refusing to permit the fullest inquiry as is held to be the law in suits fo-r settlements of partnerships and thus construing the rules of evidence so as to facilitate a thorough investigation of the facts.
As we read the record, and particularly the transcript of testimony, we are impressed with the fact that the trial judge did not give counsel for Taliancich much *292 latitude in presenting his client’s side of the case. The witness C. J. Lacy wlm had prepared the account which was filed in the record was placed on the stand by the judicial liquidator who examined him quite at length and he. was thereafter cross-examined quite a bit by counsel for Perez. During this cross-examination the court stated that he had heard the witness testify time after time that he had made the audit from the records of the partnership and the court accepted the audit as prima facie evidence of the correctness of the hooks. He further stated that he had offered counsel an opportunity to prove or disprove the correctness of the records from which the report was made. Counsel for Perez then took an exception to the court’s ruling to the effect that the liquidator .had made a prima facie case, at which time, counsel for Taliancich for the first time stated that he had not had an opportunity to make a statement which he would like to make. The court apparently disregarded this remark of counsel as it stated that the ruling had been made to the effect that the liquidator had made out a case.
The next witness was H. L. Brignac who was called on behalf of Perez. This witness was one of the numerous customers and fishermen who were shown on the account to have money due them by the partnership and after stating that, the partnership did. not owe him anything at all, although the statement carried him as being .due the sum of $4,342.54, the court stated that it was satisfied that the witness ‘had said that that sum was not due him and therefor he did not want to1 hear any further evidence on that point. Another witness by the name of Herman Ballay, a fisherman, who also was carried on the same account testified to the same fact and thereafter counsel for Perez stated to the court that his client, Perez, had asked most of these fishermen to come here, presumably to testify, but they were not present and that Mr. Perez authorized him to state to the court that if they were present they would all testify that nothing was due them by the partnership of Taliancich and Perez. We observe that there was no stipulation to that effect entered into by counsel for Taliancich.
E. N. Perez was then called to the stand and examined in chief by his counsel and also questioned by the trial judge, at the end of which questioning the judge stated that he wanted to hear from Mr. Taliancich. As far as the note of evidence shows, counsel for Taliancich was not given an opportunity to cross-examine Perez on the very important point as to the manner in which the books of the partnership were kept and the cash handled although most of the testimony given by Perez was with regard to those matters.
The note of evidence then shows that 'Moto Taliancich was called by the court ■as a witness and after some questioning by the court was examined by his counsel. *294 During this brief examination the court seems to have arrived at the conclusion that apparently it was as much the duty of Taliancich as it was that of Perez to have examined the books and if he was not able to do so 'he should have employed someone to do it. Therefore the demand of Taliancich was thus disposed of and dismissed as was the petition of the liquidator, praying for a judgment in favor of the partnership against both partners.
Under the jurisprudence it is made the duty of that partner who keeps the books and records of the partnership, and who has charge of the management of its financial affairs, to keep a true and correct account of the same and to render a statement when called upon to do so. Marquez v. Visoso, 1 Mart.,N.S., 449; Carpenter v. Camp, 39 La.Ann. 1024, 3 So. 269; Richard v. Mouton, 106 La. 435, 30 So. 894. Also' it -has been held that “In suits of this sort the fullest and freest inquiry is demanded, and rules of evidence must be so construed as to facilitate a thorough investigation of the facts.” Keough v. Foreman, 32. La.Ann. 1309. It was important therefore that counsel for partner Taliancich who claimed that partner Perez had full and complete charge of all' financial matters regarding the partnership, be given full opportunity to‘ prove, i'f he could, that such was a fact and upon proof having been made, if any, the burden then rested on Perez to show that he kept a true and correct account and record of all of the affairs of the partnership that were under his management. Our appreciation of the record in the form and manner in which it is presented leads us to the conclusion that Taliancich was not given a full and free inquiry into this aspect of the case. It is impossible to say from what evidence was permitted, whether Perez was in full control of the cash and funds of the partnership and of its records. Further, it appears that Taliancich does not know hoW to* read or write in the English, language, from which it might be inferred that he personally had nothing to do with such matters and that 'his duties were restricted, as he contends, to those of attending to the partnership business with respect to securing fishermen and making arrangements for the purchase of their catches and then arranging for the transportation of the fish and ’ other products to the French Market at New Orleans. There is no intimation of fraud .on the part of either of the partners and as was stated by him, on several occasions, the trial judge ascribed the differences in cash and in the number of pounds of shrimp as shown by the audit to the negligence of both partners. As we have endeavored to point out however, if one of the two was particularly charged as he is by the other, with having bad the control and management of the receipts and disbursements of the cash and funds of the partnership, and it was through his neglect in keeping proper records that such differences arose, the explanation must *296 ■come from him and it may 1oe that liability, if any, might attach to him.
We have concluded therefore that in the Interest of justice to the partners themselves and to the partnership' and also to outstanding creditors if any, whose rights have not been determined, that the case be remanded to the trial court. It may well be that further investigation by the judicial liquidator might bring to light something more than he has been able to discover up to this time. Under Article 458 of the Code of Practice, the court may, If it deems necessary, order another report to be made or another examination of accounts by the auditors. Certainly also it would seem that more testimony should be taken on the question of Perez’s duties with regard to handling the cash and funds of the partnership, as alleged by Taliancich, and if he had suoh control, further investigation should be made as to whether or not there was any negligence on his part in conducting his duties in that connection to the end that any liability to the partnership may be ascertained.
For the reasons stated it is ordered that the judgment appealed from, 'be, and the same is hereby reversed, annulled and set aside and the case is now remanded to the District Court for further trial and proceeding in accordance with the views herein expressed. Costs of this appeal are to be paid by the liquidator and all other costs shall await the final determination of che suit.