130 So.2d 529 (1961)
Albert E. FOSSIER, M.D.
v.
AMERICAN PRINTING CO., LTD., and Stuart O. Landry.
No. 100.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1961.
Rehearing Denied June 12, 1961.
*530 Bernard, Micholet & Cassisa and Edward J. Villere, New Orleans, for plaintiff and appellant.
Monroe & Lemann, Stephen B. Lemann, New Orleans, for American Printing Co., Ltd., defendant and appellee.
Milling, Saal, Saunders, Benson & Woodward and J. Henry Phillips, III, New Orleans, for Stuart O. Landry, defendant and appellee.
Before McBRIDE, SAMUEL, and HALL, JJ.
McBRIDE, Judge.
In February 1957, plaintiff, Dr. Albert E. Fossier, defendant, Stuart O. Landry (doing *531 business as Pelican Publishing Company), and one Dr. Lucien A. Fortier, not a party to this suit, were desirous of having published and selling a certain book of which Dr. Fossier was the author. To that end they entered into the following agreement:
 "February 21, 1957
"Agreement
"The Pelican Publishing Company, represented by its owner, agrees to publish the book on early New Orleans written by Dr. A. E. Fossier with the present title, New Orleans1810 to 1840, under the following conditions:
"The cost is to be $4200.00. This includes paper, printing, handling charge or publishing cost, cuts and advertising. (size of book 6 in by 9 in416 pages)
"The money to cover the above cost is to be advanced by

Dr. A. E. Fossier $2100.00
Dr. Lucien Fortier 1050.00
Pelican Publishing Co. 1050.00
 ________
 $4200.00

These sums are to be paid:
1/3 upon the signing of the agreement
1/3 when galley sheets are ready
1/3 when book is complete and ready for sale
As the money is collected from the sales of the books the first collections up to the total of $1050 shall to to the Pelican Publishing Company. The remaining collections up to the total of $3150.00 shall be paid to Dr. A. E. Fossier ($2100) and Dr. Lucien Fortier ($1050). When the total sum advanced had been repaid to all three parties, then the profits or further receipts (net) shall be divided in proportion the the monies advanced, namely, Dr. A. E. Fossier, one half; Dr. Lucien Fortier, one fourth; the Pelican Publishing Company one fourth.
"Settlements during the first year shall be made every sixty days, and the books of the Pelican Publishing Company pertaining to this operation shall be open to the investors or their auditors.
"1500 copies of the book will be printed of which only 500 are to be bound in cloth. When the first 500 are sold another lot will be bound at an approximate cost of 60¢ per copy. The retail price is tentatively set at $7.50 per copy. From this regular trade discounts to dealers and libraries will apply33 1/3% on less than 5 copies; 40% on five or more copies; 20% to libraries. Dealers and libraries pay carriage charges. The cost of packing, shipping and postage will be around 40¢ per copy at present postage rates.
 "Pelican Publishing Co.
 By: S. O. Landry, Owner
 A. E. Fossier M. D.
 Lucien A. Fortier, M. D."
Subsequently Landry obtained a copyright of the book in the name of Dr. Fossier and entered into a contract for its printing with American Printing Co., Ltd., for the sum of $3,000, Landry agreeing to furnish the necessary paper, cuts, etc. The first copies of the book were ready by February 1958. Many copies thereof were sold. On September 22, 1958, Dr. Fossier acquired the interest of Dr. Fortier in the contract and assumed all of the latter's obligations thereunder.
On September 25, 1958, Dr. Fossier filed this suit impleading American Printing Co., Ltd., and Landry as defendants. He alleges that the finished book contained numerous errors, inaccuracies, etc., which resulted from the careless, negligent, inefficient and improper performance by Landry in the publication thereof. It is also alleged that American Printing Co., Ltd., negligently performed the printing contract, and its work was highly inferior. Dr. Fossier claims he sustained damages to the extent *532 of $15,000 for "the way the book was printed" and "because of the fact that the book has subjected him to ridicule," for which he prays judgment against defendants in solido; his prayer also is that a writ of sequestration be issued directing and ordering the Civil Sheriff to seize all unsold copies of the book; that the contract entered into with Landry be cancelled; that Landry be ordered to account for all moneys he received; and further that the American Printing Co., Ltd., be ordered to reprint the book free from all errors and at no additional cost to plaintiff. Various defenses are made by the defendants.
Previous to the trial of the case the writ of sequestration was dissolved on motion of American Printing Co., Ltd. After trial on the merits, plaintiff's suit against both defendants was dismissed and he has taken this appeal. The judgment also dismissed the reconventional demands which had been filed by Landry and American Printing Co., Ltd., but whereas the reconvenors did not appeal or make answer to plaintiff's appeal, their demands are not before the court.
Appellant contends that the agreement was nothing more than a contract of employment whereunder Landry, as the employee, was to publish the book and for his efforts was to share in the profits, and in view of the negligent and unskillful manner in which Landry performed his obligations, the contract is rendered subject to rescission. On the other hand, it is the contention of defendants that the contract was one of partnership or joint venture, and that such a suit as Dr. Fossier instituted is one inter sese among partners which is not maintainable so long as the partnership is undissolved and unliquidated. The trial court held that the arrangement between the three parties amounted to either a partnership or a joint venture.
We think the business association was one of joint venture. It was composed of three members each having a designated interest in a single enterprise, to-wit: the publication and sale of Dr. Fossier's book. Each was to advance certain amounts of money to defray the costs of launching the publication (Landry additionally to perform certain services), and after the payment of all bills, the respective parties were to be refunded the amount so advanced by them, and the remainder of the moneys derived from sales was to be divided amongst the parties in proportion to the amount each one of the three had advanced. It is interesting to note that while the signers of the agreement did not designate their arrangement as one of partnership or joint venture, that is of no moment. Their clear indication is that they regarded it as such, for we find that the agreement states that settlement between the parties during the first year shall be made every 60 days and that the books of the Pelican Publishing Company pertaining to the operation "shall be open to the investors or their auditors." Also interesting and persuasive is the fact that Dr. Fossier purchased whatever interest Dr. Fortier had. If this were a mere contract of employment, such as appellant contends it is, why would Dr. Fossier be purchasing Dr. Fortier's interest therein? The latter is not a coauthor, nor has it been shown that he had any interest in the book, and he entered the venture as one of the "investors" by advancing money to defray publication costs with the hope that he would recoup his money and then share in whatever net profits might accrue from the sales of books. Art. 2801, LSA-C.C., characterizes a partnership as a synallagmatic and commutative contract for a mutual participation in the profits which may accrue from the property, credit, skill or industry furnished in determined proportions by the parties. All the ingredients necessary for a partnership are present in the agreement before us. See LSA-C.C. art. 2801 et seq. Nothing is mentioned about liability for partnership debts, but when two or more persons make such an agreement which the law defines as a partnership, it is a partnership, and the liability of the parties for the partnership debts is determined by the law relating to partnership even though the parties may not *533 have thought of such consequence. See LSA-C.C. art. 2813; Graham Paper Co. v. Lewis, 159 La. 151, 105 So. 258, and cases therein cited.
A provision for recoupment by a partner of capital advances before a division of profits does not affect the partnership status. See Beauregard v. Case, 91 U.S. 134, 93 L.Ed. 263. The appellant in said case was none other than the immortal Gen. Pierre Gustave Toutant Beauregard, C.S.A. The Court said that the postponement of a division of profits between the three partners until the capital advanced by two of them should be refunded, with interest, did not alter the character of the agreement as one of partnership, nor the liability of all the partners to third persons for debts contracted in the prosecution of its business.
It is also contended by appellant that no partnership can exist unless there is an intention on the part of the individuals to create a partnership, and that the parties to the agreement under scrutiny did not intend that the agreement they mutually entered into would operate or be considered as a partnership, citing LSA-C.C. art. 2805. In answer to that contention all we need do is to repeat what we have already said. The parties have agreed upon all those matters which in law constitute a contract of partnership, and it must be presumed that they intended that type of contract. Graham Paper Co. v. Lewis, supra; Amacker v. Kent, 144 La. 545, 80 So. 717.
We have stated that we are dealing with a joint venture. Under the jurisprudence of this state joint ventures are assimilated to partnerships and are governed by the same rules. Ault & Wiborg Co. of Canada, Limited v. Carson Carbon Co., 181 La. 681, 160 So. 298; Ludeau v. Avoyelles Cotton Co., Inc., 164 La. 275, 113 So. 846; W. & W. Oil Co., Inc. v. American Supply Co., La.App., 8 So.2d 384; Young v. Reed, La.App., 192 So. 780. The principal difference between a partnership and a joint venture is pointed out in McCann v. Todd, 203 La. 631, 14 So.2d 469, 471, which quoted from Daily States Pub. Co. v. Uhalt, 169 La. 893, 126 So. 228, as follows:
"* * * As respects the character of the business undertaken, the principal difference between a partnership and a joint adventure `is that, while a co-partnership is ordinarily formed for the transaction of a general business of a particular kind, a joint adventure is usually, but not necessarily, limited to a single transaction, although the business of conducting it to a successful termination may continue for a number of years.'"
So long as the joint venture between the parties is in existence and the partnership remains undissolved and unliquidated, the only cause of action one partner has against the other with reference to partnership affairs is for a dissolution of the partnership and an accounting, or, in other words, for the limited purpose of a final settlement. In re Taliancich & Perez Co., 221 La. 279, 59 So.2d 189; Jeffries v. Moore, 219 La. 692, 53 So.2d 898; Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45. The principle is well stated in Parker v. Davis, 225 La. 359, 72 So.2d 877, 878, as follows:
"In any event, while we recognize that an action by one partner against another, whether engaged in a joint venture or formal partnership, McCann v. Todd, 203 La. 631, 14 So.2d 469, can only be brought after the dissolution of the partnership with respect to transactions or assets of the partnership, and then for the limited purpose of a final settlement, or to recover a balance determined to be due, Dromgoole v. Gardner's Widow & Heirs, 10 Mart., O.S., 433; Faurie v. Millaudon, 3 Mart., N.S., 476; Mead v. Curry, 8 Mart., N.S., 280; Levy v. Levy, 11 La. 577; Johnson v. Marshall, 4 Rob. 157; Hennegin v. Wilcoxon, 13 La.Ann. 576; Crottes v. Frigerio, 18 La. *534 Ann. 283; Sewell v. Cooper, 21 La.Ann. 582; Stanton v. Buckner, 24 La.Ann. 391; Radovich v. Frigerio, 27 La.Ann. 68; West v. Ray, 210 La. 25, 26 So.2d 22 [221], * * *."
This action cannot be considered to be one looking to the dissolution of the joint venture for several reasons, principally because nowhere does plaintiff seek a dissolution or a general settlement of all partnership affairs in accordance with LSA-C.C. art. 2890 which recites the rules concerning the partition of successions, the manner of making such partition, and the obligations which result from same, between heirs, apply to partners. The record shows that there are several matters pertaining to the partnership's business which need to be adjusted, such as, neither Dr. Fossier nor Dr. Fortier advanced the full amount of money as per their agreement; also the American Printing Co., Ltd., is claiming a sizable amount on its printing bill. These are matters which only could be considered by the court in an action for dissolution and settlement of the partnership operation. Also the lack of parties cannot be overlooked. Dr. Fortier transferred his interest to Dr. Fossier only a few days before this suit was instituted and in any general liquidation of the joint venture Dr. Fortier would be an indispensable party. When Dr. Fossier acquired Dr. Fortier's interest a new partnership perhaps was created between Landry and Dr. Fossier (see Violett v. Fairchild, 6 La.Ann. 193), but there still remained to be liquidated and settled the affairs of the original venture between the three parties. One partner's sale of his unliquidated interest in the partnership to a copartner operates only as a divestiture of his beneficial interests and does not relieve him of his obligations to the other partners or for partnership debts already contracted. Posner v. Little Pine Lumber Co., 157 La. 73, 102 So. 16; Liquidating Com'rs of Bank of Monroe v. Dodson, 131 La. 990, 60 So. 659; May v. New Orleans & C. R. Co., 44 La.Ann. 444, 10 So. 769; Montague v. Weil, 30 La.Ann. 50; Violett v. Fairchild, supra; Resor v. Capelle, La.App., 140 So. 699.
All matters in controversy between Dr. Fossier and Landry are affairs of the joint venture which either cannot be settled previous to a general liquidation thereof or which must be asserted by the joint venture.
LSA-C.C. art. 2862 provides in part:
"Every partner is answerable to the partnership for the damages which it may have suffered by his fault, without being able to compensate such damages by the profits which his industry, skill, or credit may have produced in the business of the partnership; * *."
See Tropoli v. Paulson, 213 La. 44, 34 So.2d 370.
The alleged claim for damages against the American Printing Co., Ltd., is also a chose in action belonging to the joint venture which may not be exercised by Dr. Fossier in his own name.
However, we believe that the judgment against Dr. Fossier should have been one of nonsuit rather than an outright dismissal of his claims; therefore,
It is ordered, adjudged and decreed that the portion of the judgment which runs in favor of American Printing Co., Ltd., and Stuart O. Landry and against the plaintiff in the main demand, dismissing his suit, be amended so as to stipulate that plaintiff's action is dismissed as of nonsuit, and as thus amended and in all other respects, the judgment is affirmed. Costs of this appeal to be paid by appellant.
Amended and affirmed.