BOND, Justice.
 

 The plaintiff, Paul Tropoli, filed suit against the defendants, James G. Paulson and Heracles Tzavaras, alleging that he was the owner of all of the counters, shelving, furniture, equipment, liquor, and merchandize stock belonging to the business known as “Victory Cafe & Bar”, in Lees-ville, La.; that the defendants were in possession of said business without legal right thereto; that under a verbal agreement entered into with him the defendants were operating the business on the basis of a one-fourth interest each in the profits thereof, in full payment of their services; that this verbal agreement was made with the defendants when the plaintiff was ill and it was agreed that upon recovery of his health and ability to resume the management and control of his business affairs, the business was to be turned over to him; that his health having been recovered, he made demand upon the defendants for possession thereof, but they refused to carry out the agreement, causing him considerable loss and damage. He prayed for á writ of sequestration against the defendants an asked for judgment placing him in possession and control of the above property and prohibiting defendants from interfering further with his affairs. On April 3, 1945, the writ of sequestration issued and the business was closed by the sheriff.
 

 The defendants answered, denying the allegations of plaintiff’s petition and, as
 
 *47
 
 suming the position of plaintiffs in re-convention, prayed that they be recognized as plaintiff’s partners in the business, entitled to a one-fourth interest each therein, and particularly in all of the liquor and merchandise stock on hand and all of the counters, shelving, furniture, and cafe and bar equipment contained in the premises; they further prayed for judgment for $275 (in the proportion of one-half each) for damages sustained for loss of net profits during the time the business was closed under the writ of sequestration. In August, 1945, the plaintiff bonded the writ of sequestration and took possession of the property involved.
 

 There was judgment in the lower court rejecting the claim of the defendants to a one-half interest in all of the store fixtures and equipment, counters and shelving, situated in the Victory Cafe & Bar, but recognizing defendants as partners of the plaintiff to the extent of an undivided one-fourth interest each in the stock of liquors, beers, whiskey, and wine actually in the bar, and displayed for sale at the time the sequestration was issued and the store closed. It was further decreed that the stock of liquors be sold at public auction for the pur■pose of a partition and after the payment of all costs, plus the debts due by the partnership, the residue of the sale be divided one-half. to the plaintiff and one-fourth each to the defendants. The writ of sequestration was maintained and plaintiff was held to be the owner of all of the store fixtures and equipment within the bar. The defendants appealed.
 

 Upon the filing of this appeal, the original record (together with nearly all of the original exhibits which were annexed) was forwarded to plaintiff’s attorney, Mr. S. I. Foster of Leesville, La. Before the case was argued here, Mr. Foster died and plaintiff is now represented by a New Orleans attorney, who filed a brief and presented argument on his behalf in this Court. Since Mr. Foster’s death, notwithstanding all efforts on behalf of the clerk of this Court, the original transcript and the documents annexed thereto have not been located. However, it is our opinion that, while these originals would be of considerable help in reaching the final judgment herein— notwithstanding they are not before the court — we can, nevertheless, render a judgment because by remanding the case we may not accomplish any result, as we are not certain that the original or duplicate original record and documents could be produced in the district court.
 

 In oral argument it was stated by counsel for defendants that a stipulation had been entered into that in the event the court found that a partnership existed, in order to avoid the necessity of a suit for liquidation of the partnership, the court should render judgment accordingly. That stipulation is not in the documentary evidence in the duplicate or triplicate copies of the record. The attorney now representing plaintiff could not admit nor deny the
 
 *49
 
 stipulation but the judgment of the lower court shows that such a stipulation must have been in the original record, since the judge ordered that all liquor on the premises be sold and after the payment of debts, the residue of the sale be divided half to plaintiff and a fourth each to the defendants.
 

 The duplicate copy of the record shows that on June 7, 1943, the plaintiff, Paul Tropoli, entered into a written partnership agreement with Heracles Tzavaras, George Pagonis and James Captain whereby the plaintiff sold to Tzavaras, Pagonis and Captain and undivided one-half interest in his business, the “Victory Cafe & Bar” on Third Street, Leesville, La. This one-half interest included all of the cafe and bar fixtures and equipment, the licenses and permits, the lease upon the building, and all of the rights and appurtenances belonging to the business, together with the stock on the premises. The whiskey, beer, and other liquors then belonging to the vendor Tropoli, located in his residence, was to be paid for by the partnership as withdrawn each month from the profits of the business. The vendees were to devote their entire working time to the business of the partnership without any compensation other than their share of the profits. The sale was for the sum of $6,000, $2,000, cash, the balance in $500 payments each month out of the vendees’ profits of the business. The partnership was to be operated on a cash basis and there was to be a monthly settlement of profits, with the portion falling to the vendees to be credited by the plaintiff to the payment of the last monthly installment due by them until the entire $4,000 balance was paid.
 

 On or about June 17, 1943, Captain sold his interest in the business to John Redumis. In August, 1943, Tropoli sold one-third of his undivided one-half interest in the business (or a one-sixth interest) to James Paulson for $4,500. In November 1943, Pagonis sold his interest to Frank Cashiries for $1,500. Thus, at this point Tropoli owned'a one-third interest in the business and Tzavaras, Redumis, Paulson and Cashiries owned a one-sixth interest each.
 

 According to receipts signed by ‘plaintiff and testimony in the duplicate record, the plaintiff was' paid the entire $4,000 balance due him under the partnership agreement. It also appears that Tropoli received payment for the liquor stock from the partnership out of the profits of the business, as stipulated in the partnership agreement.
 

 On February 12, 1944, in an agreement headed “Dissolution of Partnership”, Tropoli, Captain, Tzavaras and Pagonis declared that they were the partners who entered into a certain partnership contract on June 7, 1943, and that they “mutually dissolve the above partnership, rescind, and set aside the said partnership contract as null and void, and no longer of any effect as between themselves”. This document is signed by the original parties — Captain,
 
 *51
 
 Tropoli, Tzavaras, Pagonis, as well as Caohiries (who acquired the one-sixth interest of Pagonis) and is witnessed by John Redumis (who acquired the one-sixth interest of Captain) and Paulson (who acquired a one-sixth interest from Tropoli). After the execution of this “Dissolution of Partnership”, the business continued to be operated by Tzavaras, Paulson, Cashiries and Redumis.
 

 In June, 1944, Cashiries sold to Tzavaras and Paulson his one-sixth interest for $500, and Redumis sold to Tropoli his one-sixth interest for $500. Thus in the month of June, 1944, Tropoli owned a one-half interest and the defendants, Paulson and Tzavaras owned a one-fourth interest each in the business, and thereafter the business was operated by the defendants, Tzavaras and Paulson, only.
 

 From the foregoing, it is clear that the contention of the plaintiff that the business was being operated by him as the sole owner under a verbal agreement with Tzavaras and Paulson, who shared a one-fourth interest each only in the profits of the business, is not well-founded. Tzavaras, Tropoli and Paulson continued to operate either under the old partnership agreement or under a verbal agreement with the' understanding, as the defendants contend, that a new partnership agreement was to be entered into. But disregarding the contentions of the plaintiff and the defendants, as to the existence of a new partnership agreement, the record shows at the time of the dissolution of the partnership, they were (as of June 1944) owners in indivisión of the business, and particularly of the liquor stock and the cafe and bar fixtures and equipment. The stipulation subsequently entered into in court resulted in a dissolution of any partnership that may have existed, thus entitling them to recover from the- sale of this property under an order of court in the proportion of one-half to Tropoli and one-fourth each to Paulson and Tzavaras.
 

 Any claim for damages as a result of the wrongful seizure would be a claim by the partnership against Tropoli and not by Tzavaras and Paulson individually. Therefore, the claim for $275 is dismissed.
 

 For the reasons assigned, the original judgment is amended as follows:
 

 It is ordered, adjudged and decreed that-defendants, James G. Paulson and Heracles Tzavaras, are entitled to a one-fourth interest each in and to all of the store fixtures and equipment, furniture, counters, and shelving situated in the Victory Bar & Cafe, and in all of the stock of liquors,, beers, whiskey and wine, etc., as shown in the inventory on file in these proceedings in the sheriff’s office; and
 

 It is further ordered, adjudged and decreed that, • since the plaintiff in this suit has bonded the sequestration, in the event of his having disposed of the store fixtures and equipment, counters and shelving, the right is reserved to the defendants to re
 
 *53
 
 cover from the plaintiff the value of their one-fourth interest in and to this property.
 

 All costs of these proceedings to be borne by the plaintiff, except the actual costs of liquidation, which shall be borne by the partnership.
 

 O’NIELL, C. J., absent.