52 So.2d 243

**PAULSON et al. v. FERTITTA.**

No. 39787.

March 19, 1951.

Rehearing Denied April 23, 1951.

Shapiro & Shapiro, Alexandria, and W. C. Wood, Leesville, for plaintiffs-appellees.

Thompson, Lawes, Cavanaugh & Hickman and John C. Camp, Lake Charles, for defendant-appellant.

HAMITER, Justice.

The defendant, R. S. Fertitta, is appealing from a judgment of $4,258.81 rendered against him as surety on a forthcoming bond furnished by Paul Tropoli in a former proceeding to obtain the release from seizure, effected under a writ of sequestration, of certain movable property. The plaintiffs, who obtained the judgment from which this appeal was taken, are James G. Paulson and Heracles Tzavaras.

In the former proceeding, numbered 12,-469 on the docket of the Eleventh Judicial District Court of Vernon Parish, Paul Tropoli sued these plaintiffs, Paulson and Tzavaras, alleging that they were unlawfully asserting ownership, under the claimed status of partners, to a one-half interest in his business known as the Victory Cafe and Bar and located in the City of Leesville. He prayed for the issuance and execution of a writ of sequestration; for judgment placing him in possession and control of the business, including all of its properties; and that Paulson and Tzavaras be prohibited and restrained from any further interference with his affairs. The writ of sequestration issued, as prayed for; and on April 3, 1945, the sheriff executed it by taking into his possession all of the properties of the Victory Cafe and Bar, resulting in its immediate closing. Later, the defendants therein answered, praying that they be recognized as partners in the business and,

as such, the owners of a one-fourth interest each in all of its assets. Thereafter, Tropoli filed a supplemental petition in which he asked the court to order such defendants " * * * to produce and file in this honorable court all the books, bank checks, check stubs, and a full and complete accounting of all the receipts and expenditures, showing the items purchased, and the bills paid by them in the operation of the Victory Cafe and Bar for the period of time they had the business in their possession and control." Also, Tropoli obtained a writ of subpoena duces tecum ordering the production of all books and records relating to the venture. To the supplemental petition a motion to strike was tendered. When overruling this motion the court ordered, as shown by the minutes, that the " * * * entire records described in Writ of Duces Tecum be delivered to the Clerk of Court on or before November 15, 1945. Case refixed for December 10, 1945, with agreement by counsel for all parties that the issues involved shall not only involve question of ownership, but the question of partnership and accounting also."

Meanwhile, in such former proceeding, the property seized under the writ of sequestration was released to Paul Tropoli, he having furnished a forthcoming bond of $8,517.63 (the property's value according to the sheriff's inventory) with R. S. Fertitta, the defendant in the instant cause, as surety thereon.

Following a trial of that case the district court maintained the writ of sequestration; it held Tropoli to be the owner of all the fixtures and equipment within the bar and cafe; and it recognized Paulson and Tzavaras as partners of Tropoli to the extent that they were the owners of an undivided one-fourth interest each in and to the stock of merchandise of the business. Further, the court ordered that the stock of merchandise be sold at public auction and that the proceeds of the sale, after the payment therefrom of court costs and any debts of the partnership, be divided one-half to Tropoli and one-fourth each to the other partners.

An appeal was taken to this court and such judgment was amended. We recognized Paulson and Tzavaras to be the owners of a one-fourth interest each in and to the fixtures and equipment, as well as in and to the stock of merchandise. Further, we decreed that " * * * since the plaintiff in this suit has bonded the sequestration, in the event of his having disposed of the store fixtures and equipment, counters and shelving, the right is reserved to the defendants to recover from the plaintiff the value of their one-fourth interest in and to this property." Tropoli v. Paulson, 213 La. 44, 34 So.2d 370, 373.

After our judgment became final Paulson and Tzavaras brought the instant action against R. S. Fertitta on the forthcoming bond of $8,517.63 which he executed as surety for Tropoli on August 6, 1945,

when the latter secured a release and the possession of the property that had been seized under the writ of sequestration. Herein plaintiffs alleged that all of the sequestered property released to Tropoli has been sold and disposed of; that on March 3, 1948, they caused to be issued a writ of fieri facias, but that it was returned marked nulla bona; and that Tropoli is now a non-resident of this state. They prayed for judgment against Fertitta for $4,258.81, together with legal interest thereon from September 1, 1945, this sum representing the value of their recognized one-half interest in the sequestered and released property and being one-half of the amount of the forthcoming bond.

Through exceptions of no cause and no right of action and an answer Fertitta offered the defense that no liquidation of the partnership formerly existing between plaintiffs and Tropoli has been had and " * * * until the partnership has been liquidated, and the debts due by it, ascertained and paid, there is no way of ascertaining the amount, if any, due to the plaintiffs herein, and consequently, the said plaintiffs have no right, at this time, to proceed against your defendant * * *."

The district court held the defense to be without merit and rendered judgment in favor of plaintiffs and against defendant for $4,258.81, with legal interest thereon from March 19, 1948 (being the date on which the writ of fieri facias was issued and returned nulla bona).

From the judgment defendant appealed. Plaintiffs have answered the appeal, praying that interest be allowed from September 1, 1945.

The record shows that some time prior to the issuance of the writ of fieri facias Tropoli disposed of all of the sequestered property and that, therefore, the satisfying therefrom of plaintiffs' recognized claim was and is impossible. This is not disputed by defendant, Fertitta; in fact, during the trial, he admitted that he could not produce the property. He offers only the defense that plaintiffs have no right to call upon him, as surety, until after a liquidation of the partnership affairs has taken place.

Conceding arguendo that from a legal standpoint such defense finds support in our jurisprudence, it cannot be sustained here for the reason that factually it is not well founded. The record of the former proceeding, which was introduced in this cause, abundantly shows that a liquidation and accounting as between the partners has already occurred. Involved in that case, according to its pleadings and minutes heretofore quoted and the evidence adduced, were issues not only pertaining to the ownership of the disputed properties but also respecting the partnership's liquidation and an accounting by the partners; and for the determination of those issues there were produced and considered the various records of the business. These records, together with other evidence, disclosed that monthly a complete accounting or settlement as between the partners was had and that at the time of the seizure of the property, resulting in a closing of the business and a dissolution of the partnership, each partner had been paid in full. Moreover, that there had been such a complete settlement was recognized by this court in its decision, particularly in that part of the decree which reserved to these plaintiffs the right to recover from Tropoli the value of their interest in and to the fixtures and equipment in the event of his having disposed of them.

It is true that the evidence revealed that some creditors of the partnership, the aggregate of whose claims was less than $100, had not been paid. But the existence of these debts will in no manner affect the defendant since his responsibility is only for the return of the property and his liability cannot exceed the amount of the bond given.

Under the answer to the appeal plaintiffs insist that they are entitled to legal interest on their judgment from the time Tropoli disposed of the sequestered property (alleged to be September 1, 1945, but denied by defendant) rather than from March 19, 1948, the date of the issuance of the fieri facias and the return thereof nulla bona. But, even if the legal proposition contended for be correct (this we do not decide), the interest claim cannot be allowed because there was no proof as to any definite date of the property's disposi-

tion. It might well have occurred, insofar as the record discloses, immediately preceding the issuance and attempted execution of the writ of fieri facias.

For the reasons assigned the judgment appealed from is affirmed.

McCALEB, J., concurs in the decree.