LAND, J.
The plaintiff board of commissioners and John P. Parker, Sr., alleged that said board was the owner of an undivided half interest in two certain special taxes of five mills each on the dollar on all the taxable property in the city of Monroe and in ward 1 of the parish of Ouachita; said special taxes having been voted in favor of the Little Rock Railway Company, its successors or assigns, for a period of 10 years, commencing with the year 1906, as would be more fully shown by authentic act of transfer from John P. Parker, Sr., to said board of commissioners of date April 6, 1911.
The petition further alleged that said special taxes for the year 1910 had been collected and were in the possession, of the treasurer of the city of Monroe and of the treasurer of parish of Ouachita, and would be paid over by said officials to Thomas M. Dodson, a resident of the state of Arkansas, unless such payment was prohibited by writ of injunction. The petition alleged that said Dodson was the owner of the one-half of said special taxes not owned by the bank of Monroe, and that the total collection of the same for the year 1910 would amount' to $23,000, and that the annual collection for the years 1911-1915 would exceed that sum.
The petition further alleged that said bank was the legal and bona fide owner of one-half of said taxes, and was entitled to be recognized as such, and that said special taxes for the year 1910, and for each subsequent year, should be' paid over to said commissioners or their successors and assigns.
Plaintiffs prayed for a writ of injunction directed to said treasurers, restraining and prohibiting each of them, and their successors, from paying to said Thomas M. Dodson or other person the said special taxes for the year 1910, or any portion thereof, and for judgment recognizing and enforcing their alleged ownership of one-half of said special taxes, and sustaining their injunction.
Considering the petition and affidavit, the court ordered writs of injunction to issue as prayed for in the petition.
The authentic act of date April 6, 1911, referred to in the petition, was filed therewith, and shows that John M. Parker, Sr., claiming to own an undivided half interest in said special taxes acquired by him from John P. Parker, Jr., on June 1, 1910, transferred said interest to the three liquidating commissioners of the' bank of Monroe, for and in consideration of the sum of $40,000 and other valuable considerations, all of which was more fully set forth in another contract and agreement of even date between the parties to the instrument. .
On motion, the injunction was dissolved as to one-half of the special taxes conceded to belong to Thos. M. Dodson.
The defendant, Dodson, then filed an exception of no cause of action, which was referred to the merits.
The same defendant filed a prayer for oyer, which was allowed, and plaintiffs produced and filed the contract of date June 1, 1910, by which John Parker, Jr., transferred to John Parker, Sr., an undivided half interest in the special taxes in question. The act recites that said taxes were duly assigned and transferred by the Little Rock & Monroe Railway Company to T. M. Dodson & Son, being T. M. Dodson and Charles W. Dodson, and subsequently by the latter in fuil right to the former, in whose name said special taxes stood, but that said John P. Parker, Jr., was interested to the extent of one-half, as owner thereof, in the taxes for the years 1910, 1911, 1912, 1913, 1914, and 1915, as shown by documents referred to in the act.
The purported consideration of the transfer from John P. Parker, Jr., to John P. Parker, Sr., was the sum of $60,000 paid and to be paid in debts and shares of stock, *993 and the assumpsit of a debt of $4,000 due by John P. Parker, Jr., to T.' M. Dodson.
The same act of transfer refers to a written acknowledgment of date May 26, 1908, signed by T. M. Dodson, as follows, to wit:
‘‘This is to certify that Jno. P. Parker, Sr., by agreement between he and Jno. P. Parker, Jr., who was to have been an equal partner in a tax voted by the town of Monroe, and also by ward 1, parish of Ouachita, La., for the Missouri & Louisiana Railroad Company; it being a five-mill tax for 10 years. But the said Jno. P. Parker, Sr., failed to advance his half of the original cost of said purchase price, which was purchased from the Monroe & tattle Rock Railroad Company by T. M. Dodson for the sum of $100,000; Jno. P. Parker, Sr., advancing only $10,000. The agreement between the said Jno. P. Parker, Sr., and Jno. P. Parker, Jr., is that Jno. P. Parker, Jr., is to pay to Jno. P. Parker, Sr., his $10,000, also to pay all claims that T. M. Dodson has against said tax. Said amount to be paid when the tax is sold or a sufficient amount has been collected to pay the said Jno. P. Parker, Sr., and the claims held by said T. M. Dodson. Then the said Jno. P. Parker, Jr., is to have one-half of the tax thereafter.”
On October 7, 1908, T. M. Dodson and Charles W. Dodson, with the written approval of John P. Parker, Jr., pledged, hypothecated, and assigned said special taxes to Mrs. Annie Myer as collateral security for a note given for borrowed money. The act recites that Jno. P. Parker, Jr., was interested in the taxes.
The defendant Dodson for answer, after denying generally all the allegations contained in the petition, except such as might be admitted, acknowledged the execution of the instrument bearing date of May 26, 1908, but denied that it had any legal effect, because null as a donation, for want of form; null as a transfer or assignment, for want of consideration; and null as a contract, for want of mutuality.
The defendant further pleaded that, if the court should hold that the plaintiffs had any interest or ownership in the taxes in controversy, then that such interest or ownership be held and decreed subject to a final settlement between the defendant and the plaintiffs, as their respective rights and interest might appear.
On motion of the plaintiffs, the defendant, pursuant to the orders of the court, produced the original letter evidencing the partnership between John’ P. Parker, Sr., and T. M. Dodson & Son, of date March 31, 1904, and other documents not necessary now to mention.
The case was tried, and judgment was rendered in favor of the plaintiffs, liquidating commissioners, recognizing them as the owners of one undivided one-half of the aforesaid special taxes, and perpetuating the injunction as to said one undivided half “until there shall be a full and complete settlement, either conventional or judicial, of the affairs of the partnership heretofore subsisting between Thomas M. Dodson, Charles W. Dodson, and John P. Parker, Sr., the titular name of said partnership being Thomas M. Dodson & Son.”
Thomas M. Dodson appealed, and plaintiffs have answered the appeal and prayed that the judgment below be amended so as to conform to the prayer of their original petition.
The documents already noted, and which were filed in evidence by the plaintiffs, show that the special taxes in question were assigned by the railway company to Thomas M. Dodson & Son in payment of construction work to the amount of $100,000; that John P. Parker, Sr., became an equal-partner in said firm, and advanced $10,000 to the partnership; that subsequently the said Parker failed to advance his portion of the cost of construction; that on May 26,1908, an agreement was made between Thomas M. Dodson, John P. Parker, Sr., and John P. Parker, Jr., by which the latter was to have one-half of the taxes on paying John P. Parker, Sr., $10,000 and all the claims of Thomas M. Dodson against said taxes, payable out *995 of the sale of said taxes or out of the proceeds as collected; that in 1910 John P. Parker, Jr., transferred his undivided half interest in the taxes to John P. Parker, Sr., who in 1911 transferred the interest thus conveyed to the liquidating commissioners of the bank of Monroe, to which institution he was heavily indebted.
John P. Parker, Jr., was the son of John P. Parker, Sr., and the son-in-law of Thomas M. Dodson. The relation of Dodson to Parker, Jr., was doubtless a motive for his becoming a party to the agreement of May 26, 1908, and the same may be said of the relation between Parker, Sr., and Parker, Jr.
It appears from the evidence that a transfer and assignment of the half interest of Parker, Sr., to Parker, Jr., was drafted and sent to Thos. M. Dodson for his approval, and that Dodson declined to sign the instrument, but substituted therefor the so-called certificate of date May 26, 1908. This writing was accepted by the Parkers and is the basis of the title conveyed by Parker, Jr., to Parker, Sr., and' by the latter to the liquidating commissioners of the bank of Monroe. The instrument of May 26, 1908, although crude in form, evidences an agreement of transfer from Parker, Sr., to Parker, Jr., of one-half of the special taxes in question, based on the undertaking of Parker, Jr., to pay out of the sale or proceeds of said tax the advances made by Parker, Sr., and Dodson, Sr., to the partnership of Thomas M. Dodson ■ & Son. In subsequent authentic acts both Parker, Sr., and Parker, Jr., acknowledged that such transfer or assignment was made. The interest conveyed belonged to John P. Parker, Sr., and the consideration as between- him and John P. Parker, Jr., does not concern the defendant T. M. Dodson. By virtue of the agreement, Parker, Sr., was eliminated and released as a partner, and Dodson, Sr., agreed to look to the taxes for the reimbursement of his advances to the partnership. As Parker, Sr., could not transfer to Parker, Jr., any greater rights than he had in the partnership, it follows that the transfer of the special taxes, which belonged to the firm, was subject to a liquidation and settlement of the affairs of the partnership. In other words, the transfer-was not of the special taxes but of Jno. P. Parker’s interest therein. The agreement of May 26, 1908, shows that the transfer was made subject to the payment of advances made to the partnership by both Parker, Sr., and T. M. Dodson.
If the transfer from Parker, Sr., to Parker, Jr., be considered a nullity, the former, as partner, remained the owner of a half interest in the special taxes in question, subject to a settlement of the partnership affairs.
We have considered the exceptions and pleas filed below, which were referred to the merits, but do not seem to have been directly passed upon by the judgment rendered in the case. The exceptions are without force, and the pleas of estoppel have been practically disposed of in the consideration of the merits of the case.
Judgment affirmed.