## HARRINGTON v. HARRINGTON (WINNSBORO STATE BANK & TRUST CO., Intervener).*
### No. 4564.

Court of Appeal of Louisiana, Second Circuit.
Jan. 3, 1934.

M. C. Redmond, of Monroe, for appellant.

Berry & Berry, of Winnsboro, for appellees.

DREW, Judge.

J. H. Harrington and T. H. Harrington were copartners in a cotton ginning business in Franklin Parish, Louisiana. The partnership was formed in 1917. In the year 1924, J. H. Harrington filed suit against T. H. Harrington for the dissolution and liquidation of the partnership, and sequestered all the property belonging to the partnership.

As is shown by the opinion and judgment rendered in that case, J. H. Harrington purchased a gin at Winnsboro for the sum of $9,000, paying $4,000 cash and executing his two promissory notes for the amount of $2,-500 each, due in the fall of 1917 and 1918, respectively. The agreement was that T. H. Harrington was to manage and operate this gin at a salary of $100 per month, and out of the net earnings plaintiff was to be reimbursed the amount he had paid out, and thereafter each was to become equally interested and operate the gin as partners.

From the proceeds of 1917 and 1918, plaintiff was refunded the amount he had paid out, and defendant was transferred a half interest in the gin, in 1918. They also bought jointly another gin out of the proceeds of these two years, and operated both until the filing of the above mentioned suit.

An expert accountant was appointed by the court to audit the books of the partnership, and after trial the judge of the lower court, on April 14, 1926, rendered an opinion dissolving the partnership, recognizing plaintiff to be the owner of an undivided one-half interest in what was known as the Steele gin lot, and that plaintiff have judgment against defendant in the sum of $4,000, being the amount the court found that defendant had received from the partnership in excess of what was received by plaintiff. The judgment sustained the writ of sequestration and ordered the costs to be paid out of the mass of the partnership effects.

After the suit for dissolution and accounting was filed, the writ of sequestration had issued, and the property of the partnership actually seized thereunder by the sheriff, the defendant, T. H. Harrington, executed a mortgage in favor of the Winnsboro State Bank & Trust Company to a one-half undivided interest in and to all of the real property, which was all the property, of the partnership, for the sum of $300. There was no appeal taken from the judgment rendered for dissolution of the partnership, and on January 26, 1927, a fieri facias was issued, and all the property of the partnership was advertised for sale to pay the judgment rendered in favor of J. H. Harrington for $4,000. The property was sold and adjudicated to J. H. Harrington for $2,350.

On the day of the sale, the Winnsboro State Bank & Trust Company intervened by way of third opposition, urging its mortgage for $300 on T. H. Harrington's undivided one-half interest in the property owned by the partnership and sold under the judgment in favor of J. H. Harrington, and asked that enough of the proceeds of the sale be set aside to pay its indebtedness. There is now in the hands of the court enough funds to cover the amount claimed by said bank.

The lower court rendered judgment in favor of intervener and third opponent, and ordered the funds in the hands of the sheriff delivered to third opponent. From this judgment plaintiff has prosecuted this appeal.

The record discloses that the partnership was engaged only in the operation of a cotton gin. It therefore follows that the property, which consisted of the gins and lots on which they were located, was the property of the partnership and not of the individual partners, and that the only interest either of the partners had in the property was the residue after the affairs of the partnership were wound up and all debts paid.

"A partnership once formed and put into action becomes, in contemplation of law, a moral being, distinct from the persons who compose it. * * * The partners are not the owners of partnership property. It belongs to the ideal being which has the control and administration thereof to enable it to fulfill its legal duties and obligations. The partners own the residuum." Posner v. Little Pine Lumber Co., 157 La. 74, 102 So. 16, 18.

At the time of the execution of the mortgage by T. H. Harrington to the bank, he owned no fixed interest in the partnership property and had nothing to mortgage, and our conclusion is that the mortgage by T. H. Harrington to the bank covered an unliquidated interest in an unliquidated partnership, and that the note held by third opponent is not secured by a special mortgage on specific pieces of partnership property. Posner v. Little Pine Lumber Co., supra.

Furthermore, at the time the mortgage was executed, the property was in custodia legis; whether rightfully or not no attack has been made on the sequestration, and the judgment sustaining the writ was rendered in 1926 and has long since become

final. The writ of sequestration is the only conservatory right one partner has against the other when asking for dissolution of partnership and an accounting. The purpose of the writ is to conserve the property of the partnership and to keep it in status quo. It would be a vain thing to do if a partner could, after the execution of the writ, cover half of the property with a valid mortgage which would prime the rights of the partner seeking a dissolution and accounting of the partnership.

We are convinced that the judgment of the lower court is incorrect, and it is therefore reversed; and there is now judgment rejecting the demands of third opponent, at its costs; and the sheriff of Franklin parish, La., is ordered to deliver to plaintiff, J. H. Harrington, the funds now held by him derived from the sale of the property of the partnership in this suit.