CULPEPPER, Judge.
This case arises out of the tortious conversion of plaintiff’s property by the defendant. The lower court awarded plaintiff damages in the sum of $1,459. Defendant appealed and plaintiff answered the appeal asking that the amount of the award be increased to the sum of $4,442.27.
The evidence shows that prior to April 23, 1959, plaintiff and defendant were the principal stockholders and employees of AAA Servicecenter, Inc., which operated a refrigeration and appliance service business in Natchitoches, Louisiana. By an instrument dated April 23, 1959, plaintiff transferred all of his interest in said corporation to defendant, in consideration of the receipt by plaintiff of a certain 1958 Chevrolet pickup service truck, title to which was then in the name of the defendant, Cooper, with the understanding that the plaintiff, Tolbird, would assume the payment of a chattel mortgage on said truck held by The Peoples Bank of Natchitoches, Louisiana. Under the terms of said instrument the plaintiff, Tolbird, also received approximately $695 worth of tools, parts, supplies and equipment located on said truck.
Shortly thereafter Tolbird left Louisiana and moved with the truck to Florida where he obtained employment with a refrigeration service concern, using his own truck in the course of said employment. Tolbird made one or two of the monthly payments on the mortgage which he had assumed .to The Peoples Bank in Natchitoches, but then in July of 1959 his check in the sum of $152.86, drawn to the order of Peoples Bank, was returned by the drawee bank in Jacksonville, Florida, marked “Insufficient Funds”. The Peoples Bank then called on the defendant, Cooper, for payment of the chattel mortgage on which he was the mortgagor and the person primarily liable.
Cooper obtained Tolbird’s address from The Peoples Bank and went to Jacksonville, Florida, where on August 9, 1959, he found plaintiff’s truck parked on the street at a time when Mr. Tolbird was absent therefrom. The defendant took possession of the truck, together with the tools, supplies, equipment and a suitcase full of clothes thereon, and drove it back to Natchitoches, Louisiana. Shortly after his return to Nat-chitoches, defendant shipped back to plaintiff, by freight, the tools, supplies and suitcase full of clothes, but the truck still remains in Natchitoches where defendant is using it.
When plaintiff first missed his truck, he notified the police that it had been stolen, but on receiving the suitcase, tools and supplies, he realized that Cooper had taken the truck. This suit followed, seeking damag'es for loss of the truck, loss of the tools, supplies and equipment, loss of wages, humiliation and embarrassment due to the tortious conversion and expenses incurred for a trip to Natchitoches to locate the property.
Defendant admits taking the truck and other property, but denies that it was a tor-tious conversion. Defendant also filed in these proceedings a reconventional demand for his expenses and loss of earnings while going to Florida to get the. truck; for the sum of $670 of an alleged “partnership” account which was allegedly misappropriated by plaintiff; for humiliation, embarrassment and damages to his credit as a result of plaintiff’s failure to pay the chattel mortgage note.
The first issue to which we address ourselves is whether there was a tor-tious conversion of plaintiff’s property. As we understand defendant’s brief, his first contention on the merits is that the said agreement entered into between plaintiff and defendant on April 23,1959, was actually a conditional sale of the truck because it contained the provision that “upon final payment of mortgage, Cooper will convey title to Tilbird.” Defendant then proceeds to state in his brief that conditional sales are *85 not recognized in Louisiana, but they are recognized in Florida and therefore title to the said truck had not yet vested in the plaintiff at the time defendant took possession of it on August 9, 1959. This argument has no merit for several reasons. First is the fact that the instrument itself states in one of the final paragraphs that Cooper receives all of the corporate assets “except those items hereinabove listed which are this date conveyed to Tolbird;”. Although these two provisions of the instrument might appear at first to be contradictory, they can be most logically interpreted to mean that Tolbird received immediate ownership of the truck on April 23, 1959, but the clear certificate of title was not to be transferred to him by Cooper until the final payment of the mortgage. Furthermore, even if the said instrument was an attempted conditional sale of the truck, our jurisprudence is clear, as defendant admits, that Louisiana law does not recognize conditional sales. See Roy O. Martin Lumber Company, Inc. v. Sinclair, 220 La. 226, 56 So.2d 240, and the many cases cited therein. The instant contract was wholly agreed upon and consummated in Louisiana and therefore must be treated as a sale even though it might have been intended as a conditional sale. Cristina Investment Corp. v. Gulf Ice Co., La.App., 55 So.2d 685. A still further reason why defendant’s argument has no merit is that the record in the instant case contains no evidence as to the laws of Florida and in the absence of such proof its laws are presumed to be the same as those of Louisiana on this particular point. Succession of Gibson, 186 La. 723, 173 So. 185; Welch v. Jacobsmeyer, 216 La. 333, 43 So.2d 678; 20 Am.Jur. 182 Sec. 178.
Defendant’s next contention is that the truck and other property were “partnership assets” which “belonged to no partner separately but are common stock, pledged for partnership debts, which must be paid before division of property by partners.” Defendant cites Posner v. Little Pine Lumber Co., 157 La. 73, 102 So. 16 and other cases in support of this principle of law. The short answer to this argument is that the instant case did not involve a partnership. The instrument dated April 23, 1959, states clearly that plaintiff and defendant were concluding their respective interest in “Triple A or AAA Servicecenter, Inc.” and that Tolbird conveyed to Cooper all of his stock in said corporation, in consideration of which Cooper conveyed to Tolbird the truck and other property in question.
We have no difficulty in concluding that Tolbird became the owner of the truck and other property in question on April 23, 1959, under the terms of said agreement, and that he was the lawful owner at the time the defendant went to Jacksonville, Florida, and illegally took possession thereof on August 9, 1959. This was clearly a tortious conversion.
Defendant’s next specification of error is that the trial judge refused to allow defendant to introduce evidence in support of his reconventional demand. Defendant acknowledges that the case of Hitt v. Herndon, 166 La. 497, 117 So. 568, interpreting Civil Code, Art. 2210 holds clearly that set-off and compensation are equitable remedies, not extending to wrongdoers or those guilty of bad faith. The said case of Hitt v. Hern-don, supra, was almost identical to the instant case in that it involved a suit for damages for tortious conversion of a herd of cattle and the court denied defendant’s plea of setoff and compensation for the balance due by plaintiff to defendant on a chattel mortgage on said cattle.
However, defendant argues that the case of Hitt v. Flerndon, supra, is distinguishable from the instant case because there plaintiff and defendant were residents of the same parish in the State of Louisiana, whereas in the instant case, the plaintiff is a resident of Florida and defendant is a resident of Natchitoches Parish, Louisiana. Defendant quotes a portion of Code of Practice Art. 375 which states that “when the plaintiff resides out of the State, or in *86 the State, but in a different parish from the defendant, said defendant may institute a demand in reconvention against him for any cause, although such demand be not necessarily connected with, or incidental to the main cause of action;”. Under the quoted portion of said Code of Practice Art. 375, defendant argues, but without any citation of authority, that if, as in the instant case, the plaintiff resides outside the State of Louisiana, the defendant can file a reconventional demand for any cause even if the principal demand by plaintiff was for damages for a tortious conversion. In effect, what defendant argues is that the provisions of Code of Practice Art. 375 relating to a nonresident plaintiff constitute an exception to the rule of law set forth in Hitt v. Herndon, supra, that setoff and counterclaim are not allowed in suits for tortious conversion. We cannot accept this strained interpretation of the codal articles in question. The case of Hitt v. Herndon, supra, interpreting Civil Code Art. 2210 states clearly the well recognized principle of law that setoff and compensation are equitable remedies “not extended to wrongdoers or those guilty of bad faith.” [166 La. 497, 117 So. 573.] A defendant who is guilty of tor-tious conversion is clearly a wrongdoer, guilty, of bad faith. We cannot rationalize that an exception should be or is made by Code of Practice Article 375 in the case of a defendant wrongdoer who is sued by a nonresident plaintiff. Defendant has cited no authority to the contrary.
Turning now to the question of quantum of damages we find the lower court awarded the following:
Automobile expense from Florida $ 50.00
Trailer hitch- 75.00
Lost wages- 200.00
Expense for meals and lodging 7 days- 84.00
Plaintiff’s equity in truck- 450.00
Loss of use of tools- 100.00
For damages resulting from the tortious conversion of the truck 500.00
$1,459.00
In our opinion the evidence clearly supports the lower court’s award of $50 for automobile expense incurred by plaintiff in the 2,000 mile trip from Florida to Natchi-toches and return, as well as the award of $75 for the cost of plaintiff’s trailer hitch which had been installed on the truck, the award of $200 for wages lost by plaintiff as a result of defendant taking the truck and the sum of $84 which represents an expense of $12 per day for meals and lodging during the 7 days’ trip from Florida to Natchitoch-es and return. Regarding the trial court’s award of $450 for plaintiff’s equity in the truck, we find that at the conclusion of the trial plaintiff and defendant entered into a stipulation that the balance due on the chattel mortgage to The Peoples Bank was the sum of $1222.88 as of August 9, 1959, and that this amount should be deducted from whatever value the court placed on the truck as of said date of the conversion. The trial judge apparently valued the truck at substantially the sum of $1675 placed on it by Mr. Deray, the only expert witness who testified. However, as we understand the testimony of Mr. Deray, -he did not include in his valuation of $1675, the value of the two tool boxes which had been installed on the truck, and which have a value of at least $150. Accordingly, we are of the opinion that the lower court’s award for plaintiff’s equity in the truck must be increased from $450 to $600.
The award of $100 for loss of use of plaintiff’s tools is fully justified by the evidence. Likewise the trial court’s award of $500 for inconvenience, humiliation and embarrassment appears to be in keeping with the awards which have been permitted in other cases of this type. See Lewis v. Burglass, La.App., 172 So. 807, and the many cases cited therein; Brian v. Wilson, La.App., 81 So.2d 145; Price v. General Motors Acceptance Corp., La.App., 95 So. 2d 834.
The trial judge properly denied any recovery for loss of the tools, supplies and equipment. Defendant proved by a clear *87 preponderance of the evidence that these items were shipped back to plaintiff in the same condition as when defendant took possession thereof. Plaintiff admits receiving them. We, like the trial judge, are not impressed with plaintiff’s testimony that all he received was “a pile of junk.”
For the reasons hereinabove set forth the judgment appealed from is amended by increasing the total amount of the award to $1609. Otherwise than as is herein amended'the said judgment is affirmed. All costs of this appeal are assessed against the defendant.
Amended and affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.