216 So.2d 318 (1968)
Willie VERCHER, Plaintiff-Appellee,
v.
TODA ENTERPRISES, INC., Defendant-Appellant.
No. 2489.
Court of Appeal of Louisiana, Third Circuit.
December 5, 1968.
*319 Baggett, Hawsey & McClain, by R. Scott McClain, Lake Charles, for defendant-appellant.
Pegues & McReynolds, by William C. Pegues, III, DeRidder, for plaintiff-appellee.
Before TATE, FRUGE, and SAVOY, JJ.
TATE, Judge.
The plaintiff buyer alleges that the defendant seller illegally repossessed an automobile. He sues for damages thereby caused. The defendant seller appeals from an award to the plaintiff of one thousand dollars.
The principal contentions by the defendant are (a) that no sale took place, because the purchaser failed to comply with a suspensive condition, and (b) that the damages awarded are excessive.

(1)
On June 19, 1967, the plaintiff Vercher paid $100 down to the defendant ("Toda") plus $15 for preparing legal papers. Vercher received a receipt (P-1) from Toda showing a balance due of $250 to be paid by monthly payments of $25 each commencing July 5, 1967, and he left with the 1959 Chevrolet for which he received the receipt. He agreed to return to execute a chattel mortgage.
Vercher did not make the initial payment on July 5th, nor did he return to execute the mortgage papers. On July 13, the seller, Toda's manager, drove over to the neighboring town in which Vercher lived. Over Vercher's objection, he got behind the wheel, forcing Vercher to leave the car, and drove off with it back to Toda's sales lot in Lake Charles, fifty miles distant.
The trial court correctly held that Vercher had acquired title to the vehicle. Under Louisiana law, a sale is perfect between the parties when they agree as to the thing sold, the price, and the consent, even though the object has not yet been delivered nor the price paid. LSA-Civil Code Articles 2439, 2456. See Ebert v. Babin, La.App. 3d Cir., 200 So.2d 672 (also a wrongful repossession case).
The seller is not entitled to re-take possession of the movable without the consent of the buyer or without legal proceedings, despite the buyer's failure to pay an installment when due and despite any agreement that formal title will not pass until final payment. Tolbird v. Cooper, La.App., 3d Cir., 136 So.2d 83 (remanded on another issue, a reconventional demand, 243 La. 306, 143 So.2d 80).
In justification, the defendant seller contends that the sale was made subject to a suspensive condition (the execution of the formal title and security instruments) and thus was not effective until compliance with this condition. LSA-Civil Code Art. 2471; Jackson Motors, Inc. v. Calvert Fire Ins. Co., 239 La. 921, 120 So.2d 478; Kershaw v. Deshotel, La.App. 3d Cir., 179 So. 2d 528. This contention is factually unimpressive in view of the defendant's express refusal to return the $115 paid by the plaintiff, and in view of its retention of the $25 first installment (mailed prior to the repossession but received afterwards since sent indirectly through a finance company).
We pretermit consideration of whether, even if passage of title had been technically suspended, the seller could use self-help instead of legal proceedings to re-take possession of property from another in possession of it with his consent.
We find no error in the trial court's finding that, by reason of the completed sale: (a) the plaintiff is entitled to damages and to the return of the 1959 Chevrolet[1]; *320 and (b) the defendant is entitled to judgment on its reconventional demand, which (treating the transaction as a completed sale) had prayed for judgment for $225 for the balance of the purchase price due.

(2)
The defendant Toda alternatively contends that the award of $1,000 general damages is excessive. We ordinarily might find merit in this contention. However, under the present circumstances, we do not find the trial court committed manifest error in this award.
The evidence shows that the defendant's manager used profanity and forceful action when he retook possession of the automobile from the buyer Vercher. This was done at the residence of a stranger (his daughter-in-law's employer) and in front of witnesses. The plaintiff was left stranded there.
Further, although defendant reconvened (and secured judgment) for the unpaid balance of the purchase price, it retained possession of the automobile, it apparently being the defendant's position that it will not release possession of the vehicle wrongfully repossessed until Vercher signs the papers. Tr. 85-86, 94. Thus it has wrongfully deprived him of possession of his property for nearly eighteen months.
Under all the circumstances, we do not find the award of one thousand dollars general damages to be manifestly excessive. See Tolbird v. Cooper, La.App. 3d Cir., 136 So.2d 83 ($500 general damages, plus value of loss of equity) and Lafleur v. Sylvester, La.App. 3d Cir., 135 So.2d 91 ($750 general damages).
Decree
The trial court judgment is affirmed, at the cost of the defendant-appellant.
Affirmed.
NOTES
[1] One whose property is taken may sue either for its return or for its value, as well as for other damages sustained by the taking. Reynolds v. Reiss, 145 La. 155, 81 So. 884; Edwards v. Max Thieme Chevrolet Co., La. App.2d Cir., 191 So. 569; Draper v. Oppenheimer, 9 Orl. App. 3. The plaintiff here had sued for the value of his equity in the property ($115); however, the defendant reconvened for the balance ($225) of the purchase price due. The plaintiff did not appeal from the judgment on the reconventional demand awarding this balance, nor answer the defendant's appeal so as to secure deletion of this award; and thus acquiesced in the defendant's enlargement of the issues, LSA-CCP Arts. 852, 862, by which other relief was permitted than that demanded, namely permitting the defendant to hold the plaintiff for the balance due, and permitting the latter to keep the car, instead of allowing him only the value of his equity per his prayer.