PEREZ, Judge.
This suit arises out of a contract of lease between plaintiff-appellant, U-Haul Company of Southern Louisiana, and defendant-appellee, Curtis Lumzy.
On September 12, 1978, Lumzy rented a truck from U-Haul’s Newton Street office in order to move and store his family’s personal effects. Unable to promptly find a permanent residence, Lumzy kept the truck for a longer period than originally contracted for. On September 18, 1978, the U-Haul truck, along with Lumzy’s personal effects contained therein, were seized by U — Haul agents from the parking lot of the Oakwood Shopping Center, where Lumzy was an employee of the Butler Shoe Store. The following day Lumzy attempted to obtain his property, but was unable to do so due to additional charges imposed by U— Haul, representing transportation, storage, and re-rental fees.
Suit was then filed by U-Haul seeking to collect $972.19 plus interest and costs which reflected $267.16 for rental of the truck, $650.00 for 10 months storage of Lumzy’s personal effects, and $55.03 for sales tax.
As plaintiff in reconvention, Curtis Lum-zy sought $10,000.00 in damages from U— Haul for the wrongful seizure of his personal property contained in the truck.
The trial court awarded U-Haul, on the principal demand, $267.16 for actual rental of the truck for seven days. On the recon-ventional demand, the trial court awarded Lumzy $5,000.00 in damages for the wrongful seizure of his personal property.
The issues to be considered by this court are whether a wrongful seizure took place and the amount of damages awarded.
*1101 U-HAUL’S SEIZURE
On September 12, 1978, Mr. Lumzy rented a truck from U—Haul’s Newton Street Office. By the terms of the rental contract, the truck was to be returned on September 13, 1978. The testimony at trial revealed that Lumzy was unable to find a residence to store his property before September 13th. Over objection from attorneys for U-Haul, the trial judge permitted Lumzy’s testimony which provided that an employee of U-Haul gave him an extension of the contract over the phone. U-Haul maintains that Lumzy’s case for wrongful seizure is based upon hearsay or parol evidence introduced to prove an extension of the original rental term.
We do not agree. Irrespective of the existence of any extension on the original lease term, U—Haul was bound to follow Louisiana Law in enforcing any right of seizure or forfeiture. Louisiana Law does not provide the lessor with the right to self-help.
Louisiana Revised Statutes 9:3261 deals specifically with the options granted a lessor of movable property upon default of the lease agreement:
“In the event of default by lessee, the lessor of movable property has the right to enforce judicially all of his rights under the lease contract, including, if the lease so provides, his right to accelerate all rentals that will become due in the future for the full base term of the lease, or to cancel the lease and to exercise the rights granted him under this chapter.”
The key provision in the statute is that the lessor has the right to “enforce judicially” his rights under the contract. However, in the present case, U-Haul did not judicially enforce its rights by obtaining a writ of seizure (R. S. 9:3268). On the contrary, U—Haul seized the truck along with its contents, after receiving a phone call from a security guard at the Oakwood Shopping Center. Although U-Haul was furnished with Lumzy’s phone number at his place of employment, he was not contacted, or otherwise put on notice that the truck and its contents was to be seized.
Appellant, U-Haul, relies on Civil Code Articles 3217 (6), 3224, 3225, 3226 and the case of Hopper v. Bills, 255 La. 628, 232 So.2d 296 (1970), to support its contention that the seizure was lawful, and a privilege applied to the personal effects of the truck.
We distinguish Hopper on a factual basis. In Hopper, an overturned truck on a state highway was caused to be removed by a state trooper, acting within his authority (LSA R. S. 32:2), who called upon a wrecker service to remove the truck. There was no lease agreement, as in the case at bar, and the trooper in Hopper had authority to remove the truck.
Such are not the facts in the present case. U-Haul did not have the authority to remove the truck. Louisiana Law (LSA R. S. 9:3261 et seq.), and the terms of the contract precluded U-Haul’s actions. U— Haul’s contract provided in part:
“. . . Lessor shall have the right to execute this lien after reasonable effort of notice to customer advising of the intent and date of said execution.”
Civil Code Articles 3217 (6), 3224, 3225, and 3226 give the lessor a privilege on items seized, but the privilege merely gives the creditor the right to collect his debt in preference and priority to other creditors. It does not give the creditor the right to resort to self-help.
Additionally, most of the items seized by U-Haul fall within the exception contained in Article R. S. 13:3881 governing seizure:
“A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
(1) . . .
(2) . . .
(3) . . .
(4) The clothing, bedding, linen, chinaware, non-sterling silver, glassware, living room, bedroom, and dining room furniture, cooking stove, heating and cooking equipment, kitchen utensils, pressing irons, washers, dryers, refrigerators, deep freezers, (electric or otherwise) used by him or a member of his family . .
*1102 Succinctly, U-Haul improperly seized Lumzy’s articles without judicial process, and many of the articles were exempt from seizure.
DAMAGES
Testimony at the trial revealed that defendant, Lumzy, was without the use of his personal property for some 18 months. During that period of time, he and his family slept on floors, borrowed clothes and footwear, and in general suffered a significant hardship in being denied the use of his personal effects.
Although the actual value of the property seized was less than the $5,000.00 awarded by the trial court, we do not find the damages excessive. Lumzy, having been denied the use of his items for such a period of time, is allowed to recover for anguish, humiliation and embarrassment incident to the seizure. Boisdore v. International City Bank & Trust Company, 361 So.2d 925, (La.App. 4th Cir. 1978); Hernandez v. Horson, 237 La. 389, 111 So.2d 320 (1959).
We affirm the decision of the trial court at appellant’s costs.
AFFIRMED.